LOUISVILLE PUBLIC WAREHOUSE CO. *v.* SURVEYOR OF PORT AT LOUIS-
VILLE. .

*(Circuit Court, D. Kentucky.* December 1, 1891.)

CUSTOMS DUTIES—REIMPORTED WHISKY—WITHDRAWAL FROM BOND.
   The tariff act of October 1, 1890, (26 U. S. St. 624,) provides, in section 22, that on the reimportation of an article manufactured in the United States, and once exported without paying an internal revenue tax, it shall pay a duty equal to the internal revenue tax on such article. Section 50 declares that any merchandise deposited in bond before the date of the act may be withdrawn for consumption on payment of the duties in force before the act, and that, when such duties are based upon the weight of the goods, the weight shall be taken at the time of the withdrawal. *Held,* that while, under the internal revenue laws, the proof of spirits is determined by weight, yet the tax is always assessed upon the gallon measurement, whether the spirits are above or below proof, and hence reimported whisky, when withdrawn from bond, must pay according to the number of gallons at the time of importation and not at the time of withdrawal.

At Law. Appeal from a decision of the board of general appraisers.
*George W. Jolly,* U. S. Dist. Atty., for surveyor.
*Willson & Thum,* for Warehouse Company.

BARR, J. This is a proceeding filed by the Louisville Public Warehouse Company, asking for a review of the decision of the board of general appraisers under the fifteenth section of an act of congress approved June 10, 1890, (26 St. at Large, 138.) The Louisville Public Warehouse Company, as the importer and consignee of certain whiskies exported from the United States, and afterwards, on the 6th day of January, 1890, reimported into the United States, complains that said company was compelled to pay the collector a tax of 90 cents on 7 gallons of whisky more than the law authorized to be collected. The warehouse company imported and entered into bond for warehousing five barrels of whisky on the 6th day of January, 1890, and said company withdrew same on the 28th day of November, 1890, and the difference in the quantity of whisky entered into said warehouse in January, 1890, and when withdrawn from same, on November 28, 1890, was seven gallons, as ascertained by the gauge at the

separate times.   The company states the collector required the payment of tax on the quantity entered, which tax was paid under compulsion.   The said company appealed from the action of the collector to the board of general appraisers, and the decision and action of the collector was approved by them, and this is the decision said company asked to be reviewed.   The defendant has demurred to the petition, and moves to dismiss the appeal.

The petitioner's claim that the quantity of taxable whisky is to be ascertained at the time of withdrawal from the warehouse, and not at the time of the entry, is under a proviso in section 50 of the tariff act known as the "McKinley Bill," approved October 1, 1890, (26 St. at Large, 624.)   This proviso is as follows:

"Provided, that any imported merchandise deposited in bond in any public or private bonded warehouse, having been so deposited prior to the first day of October, eighteen hundred and ninety, may be withdrawn for consumption at any time prior to February first, eighteen hundred and ninety-one, upon the payment of duties at the rates in force prior to the passage of this act: provided, further, that when duties are based upon the weight of merchandise deposited in any public or private bonded warehouse, said duties shall be levied and collected upon the weight of such merchandise at the time of its withdrawal."

The contention of the warehouse company is that the duty on the five barrels of whisky reimported by it is by law based upon its weight, and therefore this duty should have been levied and collected on the weight of the whisky at the time of the withdrawal, and not at the date of its importation.   The twenty-second section of this act provides:

"That upon the reimportation of articles once exported, of the growth, product, or manufacture of the United States, upon which no internal tax has been assessed or paid,   *   *   *   there shall be levied, collected, and paid a duty equal to the tax imposed by the internal revenue laws upon such articles."

Schedule H of said act provides that—

"The duty on brandy and other spirits manufactured or distilled from grain or other materials, and not specially provided for in this act, two dollars and fifty cents per proof gallon."  Sections 329, 330.  "Each and every gauge or wine gallon of measurement shall be counted as at least one proof gallon; and the standard for determining the proof of brandy and other spirits or liquors of any kind imported shall be the same as that which is defined in the laws relating to internal revenue:   *   *   *   provided, that it shall be lawful for the secretary of the treasury, in his discretion, to authorize the ascertainment of the proof of wines, cordials, or other liquors, by distillation or otherwise, in cases where it is impracticable to ascertain such proof by the means prescribed by existing laws and regulations."

Internal revenue taxes, as well as customs duties, are assessed and collected on distilled spirits by the proof gallon, when the spirits are above proof; and it is now insisted by the learned counsel for the petitioner that these taxes and duties are ascertained and determined by weight, and not by gauge or measure.   It is, however, true that taxes and duties are collected on spirits on and by the wine gallon as well as the proof gallon; the wine gallon, when at or under proof, and the proof

gallon, when above proof. That is, when the spirits are above proof, the proof spirits are measured and weighed; but the tax or duty, as the case may be, is assessed and paid by the gallon as thus ascertained. Section 3249, Rev. St. U. S., defines proof spirits thus: .

"Proof spirits shall be held to be that alcoholic liquor which contains one-half its volume of alcohol of a specific gravity of seven thousand nine hundred and thirty-nine ten-thousandths (.7939) at sixty degrees Fahrenheit."

Thus the cubic measure or the volume of the spirits is always the basis of the assessment and collection of taxes and duties. If, however, the spirits are above proof, as defined in the statute,—that is, have more alcohol in proportion to the cubic measure than prescribed by the law,—then they are taxed accordingly. The proof of distilled spirits is, we believe, usually taken by comparing the weight of a certain volume of spirits with the same volume of distilled water. Alcohol is lighter than water, and hence, by weighing the distilled spirits, which contain both water and alcohol, the proof can be ascertained. This is an easier method than by distillation. But the volume must be measured, because, if the spirits are only proof, or less than proof, as prescribed by the statute, the tax is to be levied on the wine gallon by the express terms of the statute. See § 3251, Rev. St. This is not the only reason why the spirits must be measured by gallons. The volume must be known before the proof gallons . can be ascertained, by comparing the weight of the spirits with distilled water, and thus assessing the tax. It is quite true, we believe, that a wine gallon of 231 cubic inches of distilled water contains 8.355 pounds, but the internal revenue wine gallon is never ascertained by pounds or weight. . The tax or duty, as designated by the internal revenue laws and by the tariff, is so much per gallon; and neither the tax nor the duty is based upon the weight as used in the fiftieth section of the tariff of 1890. If the contention of the warehouse company was sustained, it would lead to the absurd conclusion that when liquors are at proof or under they would be taxed on the quantity imported and entered into the warehouse, and when over proof, although of the same invoice, on the quantity at the time of withdrawal, which might be much less. The proviso of section 50 of this act should be construed with reference to other parts of the act and of existing laws, and I am of opinion that the tax or duty upon this whisky was not "based upon the weight of the merchandise deposited," within the meaning of this proviso. The demurrer of the collector is therefore sustained, and his decision and that of the board of general appraisers is approved and affirmed.